UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALLEN MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-CV-298 JAR |
| STATE PAROLE BOARD, et al., | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Allen Moore for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be denied.

### Background

Petitioner pled guilty to sex crimes in 2005. In 1999, the Missouri Court of Appeals Eastern District affirmed Allen Moore's conviction following a jury trial for eight sodomies and five counts of endangering the welfare of child. *State v. Moore*, 983 S.W.3d 219 (Mo. App. E.D. 1999). Petitioner serves a series of consecutive sentences for his offenses that he will not complete until 2095. To be eligible for conditional release, he must first complete the Missouri Sexual Offender Program ("MOSOP"). Petitioner asserts that he has "a legitimate expectation under the law to be provided the Sex Offender Treatment Program."

The Parole Board held a hearing to consider releasing petitioner on February 3, 2016. The Board determined not to release petitioner at that time and scheduled petitioner for a reconsideration hearing in February 2020. The Board found that "There does not appear to be a reasonable probability at this time that you would live and remain at liberty without again violating the law based on: A. Circumstances surrounding the present offense."

On August 30, 2016, Moore, the offender, filed a declaratory judgment action in the Circuit Court of Cole County challenging the denial of parole. *Moore v. Lombardi,* No. 16AC-CC0359 (19th Circuit, Cole County Court). The petition raised eight claims. In his first claim, the offender alleged that he was denied parole because he had not completed the Missouri Sex Offender Treatment Program, which was not yet available to him due to his long sentence and high custody level. In his second claim, the petitioner argued that it was improper to deny him parole based on the seriousness of his offenses in which no victim had lost any limbs or suffered bodily injury, when a murderer and other sex offenders had been paroled after serving less time than he has. Third, the offender alleged that it was improper for the Institutional Parole Officer who prepared his pre-hearing report to sit on the panel that denied him parole. Fourth, he argued that the Department of Corrections should already have let him participate in the Missouri Sex Offender Treatment Program. Fifth, the offender alleged his parole file contains false and incorrect information, but the Board will not allow him to correct it. Sixth, petitioner alleged the Board has turned a blind eye to the fact that before his thirteen convictions he was not charged with, nor convicted of, criminal offenses. In his seventh claim, petitioner alleged that it was improper not to have placed him in the Missouri Sex Offender Treatment Program already, because he has completed other programs successfully, and he must complete sex offender treatment before he is paroled. In his eighth claim, petitioner alleged that sex offenders are treated poorly in prison by staff, and by drug offenders, and violent offenders.

The Circuit Court of Cole County dismissed the petition on December 12, 2016, in a document that was dated and signed by the judge, and denominated as a judgment, finding that none of the allegations petitioner made stated a claim on which relief can be granted. No post-

judgment motions were filed. The judgment became final thirty days later on January 11, 2017. Petitioner filed a notice of appeal on January 27, 2017.

In his appeal, petitioner challenged the parole denial and the procedures used by the Parole Board, including the holding of a parole hearing before the offender had been admitted to sex offender treatment. Specifically, petitioner stated three claims on appeal: 1) Section 589.040 RSMo, makes parole eligibility contingent on completion of the Missouri Sexual Offender Program, and Moore's constitutional liberty interests have been violated by the State's failure to submit Moore to the program; 2) Moore has a legitimate expectation to be placed in the Missouri Sexual Offender Program at a reasonable time so that he has a fair chance at parole, and the State's failure to do so has violated his rights to due process; and 3) the Missouri Department of Corrections and Parole Board have proceeded without jurisdiction and in excess of power by denying Moore parole without first placing him in the Missouri Sexual Offender Program.

Finding no liberty interest in either parole or an early release from prison prior to the expiration of his sentence, the Court found that Moore was not denied a constitutional liberty interest. Moreover, the Court found that Moore was not denied parole due to his failure to complete MOSOP. Therefore, petitioner's appeal was denied on March 6, 2018 when the Court of Appeals affirmed the lower Court's ruling. *Moore v. Lombardi*, No. WD80747 (Mo.Ct.App. 2017).

Petitioner filed the instant application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by placing his petition in the prison mailing system on November 28, 2018.

## Discussion

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Claims that do not state a constitutional issue are not cognizable in a federal habeas petition. *E.g. Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997).

There is no indication in the record that the Board of Probation and Parole erred in denying plaintiff's request for parole. Moreover, "[t]he [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The board's consideration of granting conditional release to any of the inmates [is] a mere *possibility*, nothing more. It is insufficient to support a claim for the creation of a disability." *Rentschler v. Nixon*, 311 S.W.3d 783, 788–89 (Mo. banc 2010) (emphasis in original). Therefore, plaintiff's claims regarding the denial of time credit release or conditional release fail to rise to the level of a constitutional violation.

Moreover, plaintiff's claim regarding his currently inability to participate in MOSOP also fails to state a constitutional violation. MOSOP is a rehabilitative program designed for education and therapy for prisoners serving sexual assault sentences. *See State ex rel. Nixon v. Pennoyer*, 39 S.W.3d 521, 523 (Mo.Ct.App.2001); Mo.Rev.Stat.§ 589.040. Participation in this program is discretionary and entirely up to the Missouri Department of Corrections. Mo.Rev.Stat. § 589.040. Although successful participation in the program can result in the assignment of good time credits and ultimately conditional release, such an award is discretionary. *See Spencer v. Hurley*, No. 4:11CV1306 AGF, 2014 WL 2558694, at *8 (June 6, 2014); *Watson v. Clover*, 102 F. Appx. 519 (8th Cir. 2004); *Walter v. Prudden*, No. 4:10CV2191 JCH, 2011WL1979606, at *1-2 (May 20, 2011) (explaining that good time credits merely entitle

4

inmates to consideration of administrative parole; great discretion is awarded to the Missouri Board of Probation and Parole).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions. *Adams v Agniel,* 405 F.3d 643, 645 (8th Cir. 2005). Although a state's parole statutes and regulations may create a liberty interest that is entitled to protection, *Greenholtz,* 442 U.S. at 12; *Marshall v. Mitchell,* 57 F.3d 671, 672 (8th Cir. 1995), the Eighth Circuit has determined that Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment. *Marshall,* 57 F.3d at 672; *Green v. Black,* 755 F.2d 687, 688 (8th Cir. 1985). Furthermore, the Missouri parole policy guidelines are not mandatory. *See* 14 Mo. C.S.R. 80-2.020(1) (parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness, offender characteristics, and sentence length; mitigating or aggravating circumstances may warrant decisions outside the guidelines). As such, the Missouri parole guidelines do not create a constitutionally-protected liberty interest such that plaintiff would be entitled to relief in this action. As a result, petitioner has failed to show he was denied a constitutional right by failing to be allowed admission to MOSOP at this time and/or being denied good time credits.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED**.

A separate Order of Dismissal will be filed herewith.

Dated this 29th day of April, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE